A. J. LESH v. JULIUS MEYER.

No. 12,204. (66 Pac. 245.)

SYLLABUS BY THE COURT.

1. CONTINUANCE—*Rule of Court.* Where, by a rule of court, a party desiring the continuance of a cause is required to make his application therefor on the first day of the term or show cause why he did not do so, it is not error for the court to overrule such application made during the term, no such showing being made.

2. ASSIGNMENT OF ACCOUNT—*Admission by Pleadings.* Where an action is brought on an account assigned to plaintiff in writing, and the execution of the assignment is admitted by the pleadings, it is not error for the court to refuse to permit the defendant to introduce evidence tending to show that such assignment is only colorable and that the plaintiff is not the real party in interest, no such defense being pleaded.

Error from Butler district court; C. W. SHINN, judge. Opinion filed October 5, 1901 (submitted in June). Division one. Affirmed.

Lesh v. Meyer.

*G. P. Aikman,* and *H. W. Schumacher,* for plaintiff in error.

*Hamilton & Leydig,* and *Redden & Kramer,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This action was brought before a justice of the peace by Julius Meyer against plaintiff in error, A. J. Lesh, to recover on an account for merchandise sold by Meyer to one W. L. Peck, and also on several other causes of action for merchandise sold by others to said Peck, the accounts for which were assigned by such creditors of Peck to Meyer. The bill of particulars contained an itemized statement of each account, with a written assignment thereof to Meyer. It was alleged that while Peck was indebted on the accounts in suit he sold to said Lesh a certain stock of drugs, and that, as part of the consideration of the purchase-price, Lesh had agreed with Peck to pay these outstanding debts.

The defendant below, plaintiff in error, answered, specially denying that he was indebted to plaintiff below and denying that as part consideration for the purchase-price of such stock he had agreed to pay any portion of such indebtedness. The answer also contained a general denial. The answer was verified as follows: "A. J. Lesh, the defendant herein named, being duly sworn, on oath says, that each and all of the allegations on the first and second pages herein of his answer are true. So help him God." This affidavit was regularly sworn to before a notary public. Following it in the record, however, is this recital: "The general denial contained in the foregoing answer

was on page 3 of said answer as originally written and filed, and was not verified."

Upon the trial, Meyer recovered judgment for the full amount of his original demand, and also for the claims assigned to him. Lesh appealed to the district court, and upon a final trial there Meyer again recovered. Lesh brings the case to this court.

His first contention is that the court below erred in refusing to grant him a continuance. In this we think there was no error. Under the rules of that court, a motion for a continuance must be filed at the opening of the court, or, if afterward, a showing made why the application had not been filed as the rules of the court required. Court convened June 14, and the application was not filed until June 20, and no showing was made why it was not filed when court convened. Courts have the power, and it is their duty, to adopt and enforce reasonable rules for the transaction of business. This was a reasonable rule, and should have been complied with by defendant below, and his non-compliance is a sufficient reason for refusing the continuance.

The application was made on the ground that the plaintiff in error desired to take the deposition of Peck, by whom he expected to prove that he had not agreed to pay any of these outstanding liabilities as a part consideration for the purchase of said stock of goods. The record shows that this cause was first tried before a justice of the peace and judgment rendered for Meyer, from which plaintiff in error appealed to the district court, where it was again tried, in 1897. This trial also resulted in a verdict for Meyer. A new trial was granted, and the cause continued until the March, 1898, term. At that term, upon application of plaintiff in error, the cause was

continued until the June, 1898, term of said court. The application for the continuance, of the refusal of which plaintiff complains, stated that Peck, whose deposition he desired to take, and by whom he expected to prove that he had not agreed to pay any of the accounts in suit, was a traveling man, and that his home was in Hiawatha, Kan.; that plaintiff in error had given notice to take his deposition on June 17, 1898, but failed at that time to get service on Peck, and that he had again served notice and expected to take his deposition on June 20. This action had been pending more than a year and had been twice tried, and one continuance had at the request of plaintiff in error. He was therefore familiar with the issues in question, and knew by whom he could prove this defense. There was no reason given why he had not procured this evidence long before the convening of that term of court. In failing to do so, we think he was guilty of negligence, and that the order of the court in refusing to grant him a continuance was not error.

The second contention is that this cause ought to be reversed for the reason that the plaintiff below was not the real party in interest. This contention cannot be sustained. The plaintiff's bill of particulars contained several causes of action, one of which was on an account for merchandise sold by himself to Peck. As to this cause of action he was the real party in interest and could maintain an action. It is claimed, however, that, as to the other causes of action on the accounts assigned to the plaintiff below, he had no beneficial interest. It will be observed that the verification of defendant's answer only covered the allegations on the first and second pages thereof. The execution of the assignment was not included in these

special denials.    The recital in the record states that the general denial was on the third page of the answer. It appears, therefore, that the general denial was not verified ; consequently the execution of the written assignment of the several accounts to Meyer was admitted.    Under this state of the pleading, the defense that Meyer was not the real party in interest—that the assignment was only colorable, and that he had no such beneficial interest as would entitle him to maintain the action—was new matter, and should have been pleaded before evidence is admissible tending to prove such defense.    There was no error in excluding the evidence upon this point, and, for the same reasons, the instructions complained of were not prejudicial to plaintiff in error.    Whether the plaintiff holding the legal title to an unsettled account, but having no beneficial interest therein, is the real party in interest, we do not decide.

There are other complaints, such as misconduct of the jury and the refusal of the court to admit in evidence a written *ex parte* statement of Peck, but we find no merit in them.

The judgment of the court below is affirmed.

DOSTER, C. J., JOHNSTON, POLLOCK, JJ., concurring.